## ANDREW SIMPSON *vs.* JOSEPH COE.

In trespass, *quare clausum fregit,* if the defendant plead in bar that the *locus in quo* is parcel of a close called *A.,* and that *A.* is the soil and freehold of the defendant, the plaintiff may reply, that the *locus in quo* is the soil and freehold of the plaintiff, and not of the defendant, and conclude to the country.

TRESPASS, for breaking and entering the plaintiff's close, in Durham. The close was described by metes and bounds in the declaration.

The defendant pleaded in bar, that the close, mentioned in the declaration, long before, and at the several times, when, &c. was parcel of a certain close, known by the name of the Spinny Place, which said Spinny Place, at the said several times, when, &c. was the close, soil, and freehold, of the said *Coe.* Wherefore, &c.

To this the plaintiff replied, that the close, mentioned in his declaration, at the said several times, when, &c., was the soil, close, and freehold of the plaintiff, without that, the said close, in which the said trespass were committed, was at the several times, when, &c. the close, soil, and freehold of the defendant, and concluded to the country.

The defendant demurred to the replication, and assigned for cause, 1st, That it neither denied, nor confessed and avoided the facts alleged in the plea. 2d, That the traverse was badly taken, inasmuch as it contained matter not alleged in the defendant's plea, and narrowed the ground of justifica-

tion therein pleaded. 3d, That the replication should have concluded with a verification, and not to the country.

*Sullivan,* for the plaintiff.

*Ela,* for the defendant.

RICHARDSON, C. J. The plaintiff, in his replication, has treated the plea as a plea, that the *locus in quo* is the soil and freehold of the defendant, and the only question in the case is, whether the plea amounts to any thing more than a plea of soil and freehold.

When a defendant pleads a prescription, which covers a more extensive tract of land, than the *locus in quo*, he may aver, that the *locus in quo* is parcel of the more extensive tract, and then plead his prescription over the whole ; and in such case, as all prescriptions are in their nature entire, the plaintiff will not be permitted to deny a part only of the prescription, but must traverse the whole. 4 *D. & E.* 157, *Morewood vs. Wood.*

But in the present case, the defendant alleges no prescription, but claims the soil itself. He does not directly allege, that the *locus in quo* is his soil and freehold ; but he says, that the *locus in quo* is parcel of a tract of land which is his soil and freehold. Nothing can be clearer than that this amounts to nothing more than a plea of soil and freehold. The plea is bad in form, being a statement of argument, instead of fact, and must have been adjudged bad upon a special demurrer. 1 *Chitt. Pl.* 518. The defendant should have pleaded directly, that the *locus in quo* was his freehold ; and evidence that the Spinny place was his freehold, and that the *locus in quo* was parcel of the Spinny place, would have maintained the plea    There must be

*Judgment for the plaintiff.*